# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 99-1591

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the |
| | * | Eastern District of Missouri. |
| Luis Alfonso Guzman-Landeros, | * | |
| | * | [PUBLISHED] |
| Appellant. | * | |

_____

Submitted: March 1, 2000
Filed: March 27, 2000

_____

Before McMILLIAN, HANSEN, and MORRIS SHEPPARD ARNOLD, Circuit Judges.

_____

PER CURIAM.

Luis Alfonso Guzman-Landeros pleaded guilty to being found in the United States without the Attorney General's consent, having previously been deported, in violation of 8 U.S.C. § 1326. Over his objection, the district court[1] applied a sixteen-level enhancement under U.S. Sentencing Guidelines Manual § 2L1.2(b)(1)(A) (1998) because Guzman-Landeros had previously been deported after a conviction for an

_____

[1]The Honorable Rodney W. Sippel, United States District Judge for the Eastern District of Missouri.

aggravated felony, and sentenced him to eighty-seven months imprisonment and three years supervised release. Guzman-Landeros appeals. His counsel has filed a brief on his behalf, and he has also received permission from this court to file a pro se supplemental brief.

Through counsel, Guzman-Landeros argues that the district court erred in determining that his convictions in Texas state court for burglary of a vehicle constituted aggravated felonies. We disagree. See United States v. Delgado-Enriquez, 188 F.3d 592, 595 (5th Cir. 1999) (burglary of vehicle is crime of violence under 18 U.S.C. § 16(b) and is therefore aggravated felony under 8 U.S.C. § 1101(a)(43)(F)); United States v. Maul-Valverde, 10 F.3d 544, 545 n.1 (8th Cir. 1993) ("all burglaries are aggravated felonies" because they are crimes of violence under 18 U.S.C. § 16(b)).

In his pro se filings, Guzman-Landeros first argues that he was not advised of his right to contact his consul. See Vienna Convention on Consular Relations, April 24, 1963, art. 36, 21 U.S.T. 77, T.I.A.S. No. 6820. We conclude that this error, if any, does not constitute a jurisdictional defect, and was therefore foreclosed by Guzman-Landeros's guilty plea. See Walker v. United States, 115 F.3d 603, 604 (8th Cir. 1997). Next, Guzman-Landeros argues that the district court failed to inform him at the change-of-plea hearing that he could receive a downward departure by consenting to deportation, and that his counsel failed to argue for such a departure at sentencing. We conclude that in taking his plea, the court was not required to advise Guzman-Landeros of the possibility of receiving a downward departure by consenting to deportation, see Fed. R. Crim. P. 11(c), and that to the extent Guzman-Landeros seeks to raise ineffective assistance of counsel, such a claim should be pursued in 28 U.S.C. § 2255 proceedings, see United States v. Martin, 59 F.3d 767, 771 (8th Cir. 1995). Finally, Guzman-Landeros argues that he was never informed of his eligibility for a downward departure based on the sentencing disparity which arises from differing prosecution and plea-bargaining practices among federal districts. Guzman-Landeros relies chiefly on United States v. Banuelos-Rodriguez, 173 F.3d 741 (9th Cir. 1999), reh'g granted and

opinion withdrawn, 195 F.3d 454 (9th Cir. 1999) (en banc), a withdrawn decision which is not the law of this circuit. We reject the argument that any error occurred when he was not informed of his eligibility for a downward departure on this basis, because he was not, in fact, eligible for such a departure.

Accordingly, we affirm the judgment of the district court.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.