# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 00-2066

_____

United States of America,               *
                                         *
                 Appellee,               *     Appeal from the United States
                                         *     District Court for the Northern
        v.                               *     District of Iowa.
                                         *
Fernando Cortez-Delatorre, also          *          [UNPUBLISHED]
known as Miguel Cortez,                   *
                                         *
                 Appellant.              *

_____

Submitted:  October 26, 2000

Filed:  November 7, 2000

_____

Before McMILLIAN, FAGG, and LOKEN, Circuit Judges.

_____

PER CURIAM.

Fernando Cortez-Delatorre challenges the sentence imposed by the district court after Cortez-Delatorre pleaded guilty to illegal reentry into the United States after deportation without the express consent of the Attorney General, in violation of 8 U.S.C. §§ 1326(a) and (b).  Counsel has filed a brief and moved to withdraw under Anders v. California, 386 U.S. 738 (1967).

Specifically, counsel raises three grounds for reversal in her <u>Anders</u> brief. First, counsel contends the district court improperly refused to depart downward on the basis of Cortez-Delatorre's "cultural assimilation" into the United States. We disagree. The district court's discretionary decision not to depart is unreviewable on appeal. <u>See</u> <u>United States v. Field</u>, 110 F.3d 587, 591 (8th Cir. 1997).

Second, counsel contends the district court wrongly concluded Cortez-Delatorre's burglary conviction was an aggravated felony warranting a 16-level enhancement under U.S.S.G. § 2L1.2(b)(1)(A) (1998). Cortez-Delatorre did not raise this contention below, and we are satisfied the district court did not commit error, plain or otherwise. <u>See</u> U.S.S.G. § 2L1.2, comment. (n.1) (1998); 8 U.S.C. § 1101(a)(43)(F); 18 U.S.C. § 16(b); <u>United States v. Guzman-Landeros</u>, 207 F.3d 1034, 1035 (8th Cir. 2000); <u>United States v. Montanye</u>, 996 F.2d 190, 192 (8th Cir. 1993) (plain-error review of arguments raised for first time on appeal).

Finally, citing <u>Apprendi v. New Jersey</u>, 120 S. Ct. 2348 (2000), counsel contends the district court could not enhance Cortez-Delatorre's sentence under sections 1326(b) and 2L1.2(b)(1)(A) because the government did not include his earlier burglary conviction as an element of the charged offense. Counsel's argument is foreclosed, however, by the Supreme Court's decision in <u>Almendarez-Torres v. United States</u>, 523 U.S. 224, 230-35 (1998) (earlier aggravated felony conviction is sentencing factor under § 1326(b) that need not be charged as element of offense). <u>See Apprendi</u>, 120 S. Ct. at 2361-62.

After review of counsel's <u>Anders</u> brief along with our independent review of the record in accordance with <u>Penson v. Ohio</u>, 488 U.S. 75 (1988), we conclude that there are no other nonfrivolous issues for appeal. We thus affirm the judgment of the district court, and we grant counsel's motion to withdraw.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.