# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

Nos. 00-2297/2330

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | |
| | * | Appeals from the United States |
| v. | * | District Court for the District |
| | * | of Nebraska. |
| Fernando Ortiz | * | |
| and Roberto O. Martinez, | * | |
| | * | |
| Appellants. | * | |

_____

Submitted: November 14, 2000

Filed: January 3, 2001

_____

Before MORRIS SHEPPARD ARNOLD, JOHN R. GIBSON, Circuit Judges, and
GOLDBERG,[1] Judge.

_____

MORRIS SHEPPARD ARNOLD, Circuit Judge.

Fernando Ortiz and Roberto Martinez were arrested in the course of a police undercover operation and were subsequently convicted of distributing cocaine in violation of 21 U.S.C. § 841(a)(1). On appeal, Mr. Ortiz and Mr. Martinez argue that there was insufficient evidence to support their convictions. Mr. Ortiz argues

_____

[1]The Honorable Richard W. Goldberg, Judge, United States Court of International Trade, sitting by designation.

additionally that the district court erred by failing to submit the question of drug quantity to the jury and by refusing to grant him a reduction in his sentence for his minor role in the crime. We affirm the judgment of the trial court.[2]

## I.

Mr. Ortiz and Mr. Martinez contend that the evidence presented against them at trial was insufficient to warrant their convictions. "We review the sufficiency of the evidence *de novo*, examining the evidence in the light most favorable to the jury verdict and giving the verdict the benefit of all reasonable inferences," *United States v. Robinson*, 217 F.3d 560, 564 (8th Cir. 2000), *cert. denied*, 121 S. Ct. 497 (2000). We will reverse the convictions only if we conclude that no reasonable jury could have found that Mr. Ortiz and Mr. Martinez were guilty beyond a reasonable doubt. *See id.*

In its case against Mr. Ortiz and Mr. Martinez, the government presented evidence that they were the accomplices of others who sold drugs to the police. Police officers testified that they observed Mr. Ortiz and Mr. Martinez acting in a suspicious manner while waiting in Mr. Ortiz's car, which was parked across the street from the place where the drug sale occurred. The officers also testified that they saw one of the individuals who sold drugs to the police walking over to Mr. Ortiz's car during the course of the drug sale and talking to the people in it.

Mr. Ortiz and Mr. Martinez assert that none of this evidence tended to show that either of them knew about the drug sale that the arresting officers witnessed or that either of them handled any of the cocaine involved in it. They fail to mention, however, that there was considerable other testimony linking them to the crime. As part of the government's case, for instance, several police officers testified that they saw Mr. Ortiz and Mr. Martinez driving a car to pick up cocaine and then deliver it to the place where

---

[2]The Honorable Joseph F. Bataillon, United States District Judge for the District of Nebraska.

the drugs were sold. The police officers further testified that they witnessed Mr. Ortiz and Mr. Martinez serving as lookouts while the sale of the drugs was occurring. The government also provided unchallenged evidence that the police found cocaine in Mr. Ortiz's car, all around the area next to where Mr. Martinez was seated.

Reviewing the record of the trial, it appears clear to us that the jury chose to believe the testimony of the police officers over the theories that Mr. Ortiz and Mr. Martinez advanced. It is not our province to assess the credibility of witnesses, *see United States v. Washington*, 197 F.3d 1214, 1217 (8th Cir. 1999), *cert. denied*, 2000 WL 1053937, 69 U.S.L.W. 3363 (2000), and we have held that "a jury verdict should not be overturned lightly," *United States v. Sykes*, 977 F.2d 1242, 1247 (8th Cir. 1992). The application of these principles to the instant case leads us to conclude that the jury was not unreasonable in finding Mr. Ortiz and Mr. Martinez guilty based on the evidence before it.

## II.

Mr. Ortiz also argues that the trial court erred when it declined to submit the question of drug quantity to the jury. In making this argument, he relies on *Apprendi v. New Jersey*, 120 S. Ct. 2348, 2362-63 (2000), in which the Supreme Court held that "any fact that increases the penalty for a crime beyond the statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." Because the maximum penalty for an offense under 21 U.S.C. § 841(a)(1) increases according to drug quantity, Mr. Ortiz contends that the trial court was obligated under *Apprendi* to let the jury determine the amount of cocaine attributable to him.

We disagree. We have explained previously that "[t]he rule of *Apprendi* only applies where the non-jury factual determination increases the maximum sentence beyond the statutory range authorized by the jury's verdict," *United States v. Aguayo-Delgado*, 220 F.3d 926, 933 (8th Cir. 2000), *cert. denied*, 2000 WL 1634209, 69 U.S.L.W. 3364 (2000). In this case, the trial court gave Mr. Ortiz a sentence of 63

months of imprisonment, which is less than the 20-year maximum that the statute authorizes. *See* 21 U.S.C. § 841(b)(1)(C). *Apprendi* therefore has no application here.

## III.

Mr. Ortiz asserts that the trial court incorrectly refused to grant him either a two- or four-level reduction to his sentence pursuant to U.S.S.G. § 3B1.2. Under this provision, a sentencing court may decrease the offense level of a defendant if it finds that the defendant is only a minor or minimal participant in the criminal activity. Mr. Ortiz maintains that he deserves a lower sentence than the one that the trial court gave him because the evidence at trial demonstrated, at most, that he played only a small part in the sale of cocaine to the police.

We have held that whether a defendant should be characterized as a minor or minimal participant in an offense is a question of fact, and we review the sentencing court's factual finding under a clearly erroneous standard. *See United States v. Fregoso*, 60 F.3d 1314, 1329 (8th Cir. 1995); *see also United States v. Hale*, 1 F.3d 691, 694 (8th Cir. 1993). In this case, the trial court determined that Mr. Ortiz was neither a minor nor minimal participant in the crime because he was the driver of the vehicle used for transporting the cocaine and seemed to be quite aware of what was happening during the drug sale. Because the trial court's finding does not leave us with a "definite and firm conviction that a mistake has been committed," *United States v. Westerman*, 973 F.2d 1422, 1428 (8th Cir. 1992), we are unable to say that it was clearly erroneous.

## IV.

For the reasons stated above, we affirm the judgment of the trial court.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.