# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 01-1728

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the |
| | * | Southern District of Iowa. |
| Juan Raul Sanchez, | * | |
| | * | [UNPUBLISHED] |
| Appellant. | * | |

_____

Submitted: November 13, 2001

Filed: November 28, 2001

_____

Before LOKEN, HEANEY, and RILEY Circuit Judges.

_____

PER CURIAM.

Juan Raul Sanchez challenges the sentence the district court[1] imposed after he pled guilty to conspiracy to possess with the intent to distribute methamphetamine in violation of 21 U.S.C. § 846. The district court determined Sanchez was a "minor" participant in the crime and thus granted him a two-level downward departure.

_____

[1]The Honorable Harold D. Vietor, United States District Judge for the Southern District of Iowa.

U.S.S.G. § 3B1.2(b).  Sanchez argues he was merely a "minimal" participant and is instead entitled to a four-level downward departure.  U.S.S.G. § 3B1.2(a).  We disagree and therefore affirm.

We apply a clearly erroneous standard in reviewing the factual question of whether a defendant should be characterized as a minor or minimal participant for sentencing purposes.  United States v. Ortiz, 236 F.3d 420, 422 (8th Cir. 2001).  The defendant bears the burden of proving he is entitled to a reduction as a minor or minimal participant.  United States v. White, 241 F.3d 1015, 1024 (8th Cir. 2001).

"The propriety of a downward adjustment is determined by comparing the acts of each participant in relation to the relevant conduct for which the participant is held accountable and by measuring each participant's individual acts and relative culpability against the elements of the offense."  United States v. Belitz, 141 F.3d 815, 818 (8th Cir. 1998).  A departure for minor participation in the offense applies to a defendant "who is less culpable than most other participants, but whose role could not be described as minimal."  U.S.S.G. § 3B1.2, cmt. n.3.  We have previously refused to find error in a role in the offense determination when the defendant "seemed to be quite aware of what was happening during the drug sale."  Ortiz, 236 F.3d at 422.

Sanchez was charged with, and pled guilty to, a limited conspiracy starting on the day he was arrested, May 10, 1999.  The object of the conspiracy was to obtain possession of methamphetamine from a motel room and to deliver it to another person. The district court's determination that Sanchez was a minor participant in this conspiracy was factually supported by Sanchez's  advance planning and his central role in the conspiracy, including his use of a cellular phone to communicate information concerning the conspiracy.  Sanchez's admission that he knew he was being paid to retrieve drugs, which were later going to be sold, is sufficient "knowledge or understanding of the scope and structure of the enterprise" for the

district court to characterize him as more than a mere minimal participant in the conspiracy. U.S.S.G. § 3B1.2, cmt. n.4. The district court's findings were not clearly erroneous.

Accordingly, we affirm the judgment of the district court.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.