# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 02-1770
_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the |
| | * | District of North Dakota. |
| Jorge Luis Machucce Preciado, | * | |
| | * | [UNPUBLISHED] |
| Appellant. | * | |

_____

Submitted:  October 25, 2002
Filed:  November 1, 2002

_____

Before BOWMAN, MORRIS SHEPPARD ARNOLD, and BYE, Circuit Judges.

_____

PER CURIAM.

Jorge Luis Machucce Preciado pleaded guilty to one count of conspiring to distribute and to possess with intent to distribute in excess of 500 grams of a mixture and substance containing methamphetamine, in violation of 21 U.S.C. § 846 (2000); to one count of distributing and possessing with intent to distribute in excess of 500 grams of a mixture and substance containing methamphetamine, in violation of 21 U.S.C. § 841(a)(1) (2000) and 18 U.S.C. § 2 (2000); and to a forfeiture count.  The District Court[1] sentenced Preciado to 150 months of imprisonment and five years of

_____

[1]The Honorable Rodney S. Webb, Chief Judge, United States District Court for the District of North Dakota.

supervised release, and it ordered forfeiture of any interest Preciado had in two vehicles. On appeal, counsel moved to withdraw and filed a brief under <u>Anders v. California</u>, 386 U.S. 738 (1967), arguing that the government breached the plea agreement. Preciado filed a pro se supplemental brief arguing that he was not informed of his right under the Vienna Convention to contact his consul and that the Attorney General changed methamphetamine from a Schedule III to a Schedule II controlled substance contrary to 21 U.S.C. § 812(c) (2000).

We conclude that the government's reference at sentencing to the significance of the drug quantity did not breach its agreement to recommend a sentence at the low end of the guidelines range. The government recommended twice that Preciado be sentenced at the low end, Preciado acknowledged in the plea agreement that the government would apprise the court of relevant aggravating and mitigating sentencing factors, and the court stated that it had been aware of the significance of the drug quantity and that it was not basing its sentence on the government's comments. <u>Cf.</u> <u>United States v. Has No Horses</u>, 261 F.3d 744, 748-50 (8th Cir. 2001) (government complied with plea agreement by making requisite sentencing recommendation; government's lack of enthusiasm in making recommendation does not breach agreement), <u>cert. denied</u>, 122 S. Ct. 1114 (2002).

We reject Preciado's remaining arguments. His guilty plea forecloses his Vienna Convention argument, <u>see</u> <u>United States v. Guzman-Landeros</u>, 207 F.3d 1034, 1035 (8th Cir. 2000) (per curiam), and Congress has given the Attorney General authority to transfer drugs from one schedule to another regardless of the drug's initial placement in section 812, <u>see</u> 21 U.S.C. §§ 811(a)(1), 812(c) (2000). Having reviewed the record independently under <u>Penson v. Ohio</u>, 488 U.S. 75 (1988), we have found no nonfrivolous issues.

Accordingly, we grant counsel's motion to withdraw, and we affirm.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.