# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 02-1772

_____

United States of America,              *
                                       *
           Appellee,            *
                                         *    Appeal from the United States
     v.                         *    District Court for the
                                         *    District of North Dakota.
Jose Luis Garcia Vega,          *
                                         *    [UNPUBLISHED]
          Appellant.          *

_____

Submitted: October 25, 2002
Filed: November 6, 2002

_____

Before McMILLIAN, MURPHY, and RILEY, Circuit Judges.

_____

PER CURIAM.

Jose Luis Garcia Vega pleaded guilty to one count of conspiring to distribute and to possess with intent to distribute in excess of 500 grams of a mixture and substance containing methamphetamine, in violation of 21 U.S.C. § 846; to one count of distributing and possessing with intent to distribute in excess of 500 grams of a mixture and substance containing methamphetamine, in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2; and to a forfeiture count. The district court[1] sentenced Vega to 135 months imprisonment and 5 years supervised release, and ordered

_____

[1]The Honorable Rodney S. Webb, Chief Judge, United States District Court for the District of North Dakota.

forfeiture of any interest Vega had in two vehicles. On appeal, counsel filed a brief under Anders v. California, 386 U.S. 738 (1967), arguing that the district court erred in denying a minimal- or minor-participant reduction under U.S.S.G. § 3B1.2. Vega filed a pro se supplemental brief arguing that he was not informed of his right under the Vienna Convention to contact his consul; that the Attorney General changed methamphetamine from a Schedule III to a Schedule II controlled substance, placing it in conflict with 21 U.S.C. § 812, and his sentence exceeds the statutory maximum for a Schedule III drug; and that his sentence violates Apprendi v. New Jersey, 530 U.S. 466 (2000).

We conclude that the district court did not clearly err in denying Vega a role-in-the-offense reduction. Vega acknowledged knowing that there were drugs in one of the vehicles he and his coconspirators were driving, and that the three were engaged in a drug transaction; further, he stayed with the vehicle containing the drugs, while his codefendants met with the confidential informant shortly before the arrest resulting in the charges underlying Vega's convictions. See United States v. Ortiz, 236 F.3d 420, 422 (8th Cir. 2001).

We also reject Vega's remaining arguments. His guilty plea forecloses his Vienna Convention argument, see United States v. Guzman-Landeros, 207 F.3d 1034, 1035 (8th Cir. 2000) (per curiam); Congress has given the Attorney General authority to transfer drugs from one schedule to another regardless of the drug's initial placement in section 812, see 21 U.S.C. §§ 811(a)(1), 812(c); and not only did the indictment allege drug quantity, but Vega stipulated to the drug quantity and resulting base offense level that was used to calculate his sentence, see United States v. Nguyen, 46 F.3d 781, 783 (8th Cir. 1995). Having reviewed the record independently under Penson v. Ohio, 488 U.S. 75 (1988), we have found no nonfrivolous issues.

Accordingly, we affirm.

-2-

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.