# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

———————

No. 03-3467

———————

United States of America,

    Appellee,

   v.

Jose Cruz Hermosillo-Banuelos,

    Appellant.

\*
\*
\*
\*
\* Appeal from the United States
\* District Court for the
\* District of Minnesota.
\*
\*  [UNPUBLISHED]
\*

———————

Submitted: May 25, 2004
Filed: June 1, 2004

———————

Before MORRIS SHEPPARD ARNOLD, FAGG, and SMITH, Circuit Judges.

———————

PER CURIAM.

  Jose Cruz Hermosillo-Banuelos appeals the sentence the district court[1] imposed after he pleaded guilty to conspiring to distribute more than 500 grams of a mixture or substance containing methamphetamine, in violation of 21 U.S.C. § 846. Hermosillo-Banuelos argues the district court clearly erred in denying him a minor-participant reduction under U.S.S.G. § 3B1.2. See United States v. Lopez-Arce, 267 F.3d 775, 784 (8th Cir. 2001) (standard of review).

———————————————

  [1]The Honorable James M. Rosenbaum, Chief Judge, United States District Court for the District of Minnesota.

We find no clear error, because Hermosillo-Banuelos knew that he was transporting drugs, the transaction involved a significant quantity, and he was to receive $1,000 for his role in the transaction. <u>See</u> U.S.S.G. § 3B1.2, comment. (n.5) (minor participant means "a defendant . . . who is less culpable than most other participants, but whose role could not be described as minimal"); <u>United States v. Santos-Garcia</u>, 313 F.3d 1073, 1081 (8th Cir. 2002) (role as courier does not automatically entitle defendant to downward adjustment); <u>cf.</u> <u>United States v. Ortiz</u>, 236 F.3d 420, 422 (8th Cir. 2001) (affirming denial of minor-participant reduction where defendant drove car used for transporting drugs and seemed quite aware of what was happening during drug sale); <u>United States v. Alverez</u>, 235 F. 3d 1086, 1090-91 (8th Cir. 2000) (affirming denial of minor-participant reduction where defendant was aware of substantial quantity of narcotics in spare tire, and even though defendant may have only acted as courier, his sentence was based solely on quantity of drugs found in his vehicle), <u>cert. denied</u>, 532 U.S. 1031 (2001). Accordingly, we affirm.

_____