Jose E. Gonzalez, appellant,
v. Brian Gage, warden of the
Tecumseh State Correctional
Institution, appellee.
___ N.W.2d ___

Filed April 10, 2015.    No. S-14-568.

1. **Affidavits: Appeal and Error.** A district court's denial of in forma pauperis status under Neb. Rev. Stat. § 25-2301.02 (Reissue 2008) is reviewed de novo on the record based on the transcript of the hearing or the written statement of the court.

2. **Constitutional Law: Judgments.** Except in those cases where the denial of in forma pauperis status would deny a defendant his or her constitutional right to appeal in a felony case, Neb. Rev. Stat. § 25-2301.02(1) (Reissue 2008) allows the court on its own motion to deny in forma pauperis status on the basis that the legal positions asserted by the applicant are frivolous or malicious, provided that the court issue a written statement of its reasons, findings, and conclusions for denial.

3. **Actions: Words and Phrases.** A frivolous legal position pursuant to Neb. Rev. Stat. § 25-2301.02 (Reissue 2008) is one wholly without merit, that is, without rational argument based on the law or on the evidence.

4. **Habeas Corpus.** Habeas corpus is a special civil proceeding providing a summary remedy to persons illegally detained.

5. ____. A writ of habeas corpus challenges and tests the legality of a person's detention, imprisonment, or custodial deprivation of liberty.

6. **Habeas Corpus: Proof.** Habeas corpus requires the showing of legal cause, that is, that a person is detained illegally and is entitled to the benefits of the writ.

7. **Habeas Corpus.** A writ of habeas corpus in Nebraska is limited in comparison to the writ in federal courts.

8. **Habeas Corpus: Jurisdiction: Sentences.** A writ of habeas corpus will not lie to discharge a person from a sentence of penal servitude where the court imposing the sentence had jurisdiction of the offense and the person of the defendant, and the sentence was within the power of the court to impose.

9. **Habeas Corpus.** A writ of habeas corpus is not a writ for correction of errors, and its use will not be permitted for that purpose.

10. **Jurisdiction: Judgments: Appeal and Error.** Where jurisdiction has attached, mere errors or irregularities in the proceedings, however grave, will not render the judgment void, although they may render the judgment erroneous and subject to being set aside in a proper proceeding for that purpose.

Appeal from the District Court for Johnson County: Daniel E. Bryan, Jr., Judge. Affirmed.

Jose E. Gonzalez, pro se.

Jon Bruning, Attorney General, and George R. Love for appellee.

Heavican, C.J., Wright, Connolly, Stephan, McCormack, and Miller-Lerman, JJ.

Miller-Lerman, J.

## NATURE OF CASE

Jose E. Gonzalez appeals the order of the district court for Johnson County which determined that his action seeking a writ of habeas corpus was frivolous and denied his motion to proceed in forma pauperis. We conclude that Gonzalez' action is frivolous, because the claims he asserts are not claims that, if proved, would support issuance of a writ of habeas corpus. We therefore affirm the order of the district court which denied Gonzalez' motion to proceed in forma pauperis.

## STATEMENT OF FACTS

In 2008, Gonzalez was charged with first degree sexual assault on a child. Gonzalez was found guilty in a jury trial in the district court for Dakota County, and he was sentenced to imprisonment for 30 to 32 years. Gonzalez' conviction was affirmed by the Nebraska Court of Appeals in a direct appeal in which he had counsel different from his trial counsel and raised several claims of ineffective assistance of trial counsel. See *State v. Gonzalez*, No. A-10-179, 2010 WL 4241022 (Neb. App. Oct. 26, 2010) (selected for posting to court Web site). In 2012, Gonzalez filed a pro se motion for postconviction relief in which he raised various claims, including additional claims of ineffective assistance of counsel. The district court for Dakota County denied the postconviction motion, and the Court of Appeals affirmed. See *State v. Gonzalez*, No. A-12-073, 2012 WL 3740570 (Neb. App. Aug. 28, 2012) (selected for posting to court Web site).

On May 19, 2014, Gonzalez, who was in custody at the Tecumseh State Correctional Institution, filed a pro se petition for a writ of habeas corpus in the district court for Johnson County against the warden, Brian Gage. Gonzalez alleged that

he was a foreign national and that when he was arrested in 2008, he was not informed of his rights under article 36, paragraph 1(b), of the Vienna Convention on Consular Relations, Apr. 24, 1963, 21 U.S.T. 77 (Vienna Convention). In particular, he alleged that under the Vienna Convention, he had a right to contact the Mexican consulate for advice and assistance with his criminal prosecution. Gonzalez also alleged that his trial counsel was deficient in various respects, and he implied that he would have been better represented with assistance from the Mexican consulate. He claimed that because of the violation of the Vienna Convention, "the district court of Dakota County lost its jurisdiction to proceed to judgment, and lacked the legal authority to impose the sentence."

The district court for Johnson County denied Gonzalez' motion to proceed in forma pauperis on the ground that Gonzalez' action was frivolous. The court stated that "[t]he legal positions advanced by petitioner are frivolous. The writ is a collateral attack on a judgment of a valid conviction. The court had jurisdiction of the parties and subject matter and such a writ will not lie. See Peterson v. Houston, 284 Neb. 861 (2012)."

Gonzalez appeals the order which denied his motion to proceed in forma pauperis.

## ASSIGNMENTS OF ERROR

Gonzalez generally claims, restated, that the district court erred when it found that his action was frivolous and denied his motion to proceed in forma pauperis. He claims that various errors at his original criminal trial deprived the trial court of jurisdiction. He specifically claims that the district court for Johnson County erred when it failed to recognize that the alleged violation of the Vienna Convention deprived the district court for Dakota County of jurisdiction in his original criminal case.

## STANDARD OF REVIEW

[1] A district court's denial of in forma pauperis status under Neb. Rev. Stat. § 25-2301.02 (Reissue 2008) is reviewed de

novo on the record based on the transcript of the hearing or the written statement of the court. *Peterson v. Houston*, 284 Neb. 861, 824 N.W.2d 26 (2012).

## ANALYSIS

Gonzalez generally claims that the district court erred when it denied his motion to proceed in forma pauperis based on its determination that his action for a writ of habeas corpus was frivolous. Because we conclude that the claims asserted by Gonzalez would not entitle him to habeas corpus relief, we determine that the district court did not err when it denied his motion to proceed in forma pauperis.

### In Forma Pauperis and Gonzalez' Claims.

[2,3] Applications to proceed in forma pauperis are governed by § 25-2301.02. Except in those cases where the denial of in forma pauperis status would deny a defendant his or her constitutional right to appeal in a felony case, § 25-2301.02(1) allows the court on its own motion to deny in forma pauperis status on the basis that the legal positions asserted by the applicant are frivolous or malicious, provided that the court issue a written statement of its reasons, findings, and conclusions for denial. *Peterson v. Houston, supra*. A frivolous legal position pursuant to § 25-2301.02 is one wholly without merit, that is, without rational argument based on the law or on the evidence. *Peterson v. Houston, supra*. When an objection to an application to proceed in forma pauperis is sustained, the party filing the application shall have 30 days to proceed with an action or appeal upon payment of fees, costs, or security. *Id.*; § 25-2301.02(1).

In his petition for a writ of habeas corpus, Gonzalez set forth four claims that he alleged would entitle him to habeas corpus relief. His claims were generally that (1) trial counsel waived voir dire without Gonzalez' informed consent, (2) trial counsel waived a preliminary hearing without Gonzalez' informed consent, (3) the trial court erroneously admitted evidence of prior bad acts, and (4) he was not advised of his rights under the Vienna Convention.

In order to determine whether these claims are frivolous or have legal merit entitling Gonzalez to habeas corpus relief, we must examine the nature of the claims. As an initial step in our examination of Gonzalez' claims, we review the principles regarding habeas corpus relief.

### Nebraska Habeas Corpus Jurisprudence.

[4-6] Habeas corpus is a special civil proceeding providing a summary remedy to persons illegally detained. *Peterson v. Houston, supra*. See, Neb. Const. art. I, § 8; Neb. Rev. Stat. § 29-2801 (Reissue 2008). A writ of habeas corpus challenges and tests the legality of a person's detention, imprisonment, or custodial deprivation of liberty. *Peterson v. Houston, supra*. Habeas corpus requires the showing of legal cause, that is, that a person is detained illegally and is entitled to the benefits of the writ. *Id*.

[7,8] A writ of habeas corpus in Nebraska is limited in comparison to the writ in federal courts. See *Peterson v. Houston*, 284 Neb. 861, 824 N.W.2d 26 (2012). Under Nebraska law, an action for habeas corpus is a collateral attack on a judgment of conviction. *Id*. Only a void judgment may be collaterally attacked. *Id*. Where the court has jurisdiction of the parties and the subject matter, its judgment is not subject to collateral attack. *Id*. Thus, a writ of habeas corpus will not lie to discharge a person from a sentence of penal servitude where the court imposing the sentence had jurisdiction of the offense and the person of the defendant, and the sentence was within the power of the court to impose. *Id*.

[9,10] A writ of habeas corpus is not a writ for correction of errors, and its use will not be permitted for that purpose. *Peterson v. Houston, supra*. The regularity of the proceedings leading up to the sentence in a criminal case cannot be inquired into on an application for a writ of habeas corpus, because that inquiry is available only in a direct proceeding. *Id*. Where jurisdiction has attached, mere errors or irregularities in the proceedings, however grave, will not render the judgment void, although they may render the judgment

erroneous and subject to being set aside in a proper proceeding for that purpose. See *id*.

The limited availability of relief in Nebraska based on habeas corpus is illustrated in our recent case of *Peterson v. Houston, supra*. In that case, the petitioner alleged in a petition for a writ of habeas corpus that he was being illegally detained, because the information pursuant to which he entered a plea was defective in certain respects and deprived the trial court of jurisdiction. He also claimed that the conviction subjected him to double jeopardy and that he was provided ineffective assistance of counsel in various respects. In *Peterson*, we first concluded that the information contained no deficiencies that would have deprived the trial court of jurisdiction and that the petitioner's allegations to the contrary were wholly without legal merit. We then considered the petitioner's other claims, including, inter alia, claims of double jeopardy and ineffective assistance of counsel, and concluded that "[n]one of these provide a proper ground for granting a writ of habeas corpus in Nebraska." *Id*. at 869, 824 N.W.2d at 34.

In *Peterson*, we reasoned that because the trial court had jurisdiction, the petitioner's claims of mere errors or irregularities in the proceedings would not render the judgment void, even though such claims, if proved, might render the judgment erroneous and subject to be set aside in a proper proceeding for that purpose. We therefore concluded that because the claims would not support a writ of habeas corpus, the legal positions asserted in the petition for a writ of habeas corpus were frivolous, and that the district court did not err when it denied the petitioner's application to proceed in forma pauperis.

*Application of Nebraska Habeas Corpus
Jurisprudence and U.S. Supreme
Court Precedent Regarding
the Vienna Convention.*

Based on the habeas corpus standards set forth above and the reasoning in *Peterson v. Houston*, 284 Neb. 861, 824 N.W.2d 26 (2012), we determine that Gonzalez' claims that

trial counsel improperly waived voir dire and a preliminary hearing and that the trial court made erroneous evidentiary rulings are claims of mere errors or irregularities in the proceedings that did not deprive the trial court of jurisdiction and did not render the judgment of criminal conviction void. These claims, even if proved, would not entitle Gonzalez to habeas corpus relief, and therefore, by applying the reasoning illustrated in *Peterson*, we conclude that these claims were frivolous and do not entitle Gonzalez to an order granting in forma pauperis status.

Gonzalez' claim that his rights under the Vienna Convention were violated merits further discussion and analysis. This type of claim has not been addressed by this state's appellate courts, but there is relevant U.S. Supreme Court precedent, which we apply.

The appellate courts of this state appear to have addressed the Vienna Convention in the following few reported cases: *In re Interest of Angelica L. & Daniel L.*, 277 Neb. 984, 767 N.W.2d 74 (2009); *In re Interest of Antonio O. & Gisela O.*, 18 Neb. App. 449, 784 N.W.2d 457 (2010); and *In re Interest of Aaron D.*, 269 Neb. 249, 691 N.W.2d 164 (2005). Each of the foregoing cases involved provisions of the Vienna Convention relating to proceedings for termination of parental rights; these cases did not involve article 36, upon which Gonzalez relies. We note for completeness that recently, in *State v. Fernando-Granados*, 289 Neb. 348, 854 N.W.2d 920 (2014), we decided an appeal and affirmed the dismissal of a motion for postconviction relief in which the appellant had raised, inter alia, a claim of an infringement of his rights under the Vienna Convention. Although the appellant in *Fernando-Granados* assigned error with respect to certain claims, he did not claim error with respect to the allegation involving the Vienna Convention and, as a result, our opinion in *Fernando-Granados* does not offer guidance.

In the present case, Gonzalez' claim involves article 36 of the Vienna Convention relating to criminal proceedings. Gonzalez contends that the violation of these provisions deprived the district court of jurisdiction and that he is therefore entitled to a writ of habeas corpus. We must therefore

review the law regarding the rights afforded under article 36 of the Vienna Convention to determine whether such rights are enforceable individually and, in particular, whether a violation of such rights would deprive a court presiding over a criminal proceeding of jurisdiction and entitle a defendant to a writ of habeas corpus.

Article 36, paragraph 1(b), of the Vienna Convention generally provides that when a foreign national is arrested, committed to prison or custody pending trial, or detained in any other manner, authorities in the United States shall so inform the consulate of the foreign national's home country. The paragraph provides that the foreign national's communications with the consulate shall be forwarded without delay. The paragraph further provides that U.S. "authorities shall inform the person concerned without delay of his rights under this sub-paragraph."

The U.S. Supreme Court has discussed relevant issues related to article 36 of the Vienna Convention in several opinions. In two consolidated cases reported in *Sanchez-Llamas v. Oregon*, 548 U.S. 331, 126 S. Ct. 2669, 165 L. Ed. 2d 557 (2006), state court defendants sought to enforce what they asserted were individual rights created by article 36. In the first case, the criminal defendant sought suppression of his statements to police as a remedy for a claimed violation of his rights under article 36. In the second case, the defendant sought to raise a claim of a violation of his various rights under article 36 in a postconviction action.

In *Sanchez-Llamas*, the U.S. Supreme Court first noted that both cases implicated the issue of whether article 36 grants rights that may be invoked by individuals in a judicial proceeding. However, because the Court ultimately concluded that neither defendant would be entitled to the relief sought, the Court determined that it was "unnecessary to resolve the question whether the Vienna Convention grants individuals enforceable rights," and for purposes of these cases, the Court assumed without deciding that article 36 did grant such rights. 548 U.S. at 343. With that understanding, the Court concluded with respect to the first case that "neither the Vienna Convention itself nor our precedents applying the exclusionary

rule support suppression of [the defendant's] statements to police." 548 U.S. at 350. With regard to the second case, the Court concluded that "claims under Article 36 of the Vienna Convention may be subjected to the same procedural default rules that apply generally to other federal-law claims," 548 U.S. at 360, and that the defendant's article 36 claim raised in a state postconviction action was also subject to default under the state's procedural rules. Applying the procedural default rules, the Court determined that because the defendant had not raised the claims at trial, the rules barred the claim. We read *Sanchez-Llamas* as approving the application of state jurisprudence substantively and procedurally to criminal defendants' state court actions claiming violations of article 36, paragraph 1(b), of the Vienna Convention.

The U.S. Supreme Court considered article 36 of the Vienna Convention in cases subsequent to *Sanchez-Llamas*. In *Medellin v. Texas*, 552 U.S. 491, 128 S. Ct. 1346, 170 L. Ed. 2d 190 (2008), the Court noted that the International Court of Justice (ICJ) in *Case Concerning Avena and Other Mexican Nationals (Mexico v. United States of America)*, 2004 I.C.J. 12 (Mar. 31) (*Avena*), had determined that the United States had violated article 36 of the Vienna Convention when it failed to inform Mexican nationals of their rights under the Vienna Convention. However, the Court determined in *Medellin* that neither the ICJ's decision nor a determination by the President, through a Memorandum for the Attorney General directing state courts to give effect to the ICJ's decision, constituted directly enforceable federal law that preempted state procedural rules, the application of which had been endorsed in *Sanchez-Llamas*.

In *Medellin*, the Court characterized article 36 as non-self-executing and observed that "[a] non-self-executing treaty, by definition, is one that was ratified with the understanding that it is not to have domestic effect of its own force." 552 U.S. at 527. The Court also noted that implementation of ICJ judgments is not provided for in the Vienna Convention. The Court noted instead that it was necessary for Congress to enact statutes implementing the treaty, and Congress had not taken such action. The Court therefore concluded in *Medellin* that

the ICJ's decision in *Avena* did not change the Court's holding in *Sanchez-Llamas v. Oregon*, 548 U.S. 331, 126 S. Ct. 2669, 165 L. Ed. 2d 557 (2006), to the effect that the Vienna Convention did not preclude the application of state law to a claimed violation of article 36.

In *Garcia v. Texas*, ___ U.S. ___, 131 S. Ct. 2866, 180 L. Ed. 2d 872 (2011), the Court noted that it had been 7 years since the ICJ ruling in *Avena* and 3 years since the Court's decision in *Medellin* and that Congress had not yet enacted a statute implementing the Vienna Convention or the ICJ ruling. The Court concluded in *Garcia* that relief for an alleged Vienna Convention violation could not be given "on the ground that Congress *might* enact implementing legislation." 131 S. Ct. at 2867-68 (emphasis supplied).

Because the U.S. Supreme Court has not conclusively decided that article 36 of the Vienna Convention does not create individually enforceable rights, we take the approach that the Court itself applied in *Sanchez-Llamas*. That is, we assume without deciding that such rights exist, and then we decide whether the remedy sought by Gonzalez—a writ of habeas corpus—is a proper method to enforce such rights under state law. We conclude that it is not.

With respect to jurisdiction, we note the case of *U.S. v. Guzman-Landeros*, 207 F.3d 1034 (8th Cir. 2000), in which a defendant claimed that he had not been advised of his right to contact his consul in violation of article 36 of the Vienna Convention. The U.S. Court of Appeals for the Eighth Circuit analyzed the claim and stated that an alleged error based on a claimed violation of individual rights under article 36 of the Vienna Convention "does not constitute a jurisdictional defect." 207 F.3d at 1035. See, also, *U.S. v. Gonzales*, 339 F.3d 725 (8th Cir. 2003). We similarly determine that the violation of the Vienna Convention alleged by Gonzalez is not a jurisdictional defect and, thus, did not deprive the court of jurisdiction of the offense and the person of the defendant and that it did not void the sentence entered by the court.

With respect to the substance of Gonzalez' claim, we note that in *Sanchez-Llamas*, the Court concluded that the states could apply their substantive and procedural jurisprudence to

claims of violations of article 36 of the Vienna Convention brought by state criminal defendants. We therefore apply Nebraska jurisprudence regarding habeas corpus relief. As noted above, habeas corpus relief in the form of discharge will not lie in Nebraska where an alleged violation is a claim of mere irregularity in the proceeding that does not deprive the trial court of jurisdiction and does not render the judgment void. See *Peterson v. Houston*, 284 Neb. 861, 824 N.W.2d 26 (2012).

Gonzalez' assertion that his rights under the Vienna Convention were violated, like his other claims discussed above, is a claim of a mere error or irregularity in the proceedings that does not deprive the trial court of jurisdiction and does not render the judgment void. Because the claims Gonzalez raised in his petition for a writ of habeas corpus, including the claimed violation of the Vienna Convention, were not claims that would entitle him to a writ of habeas corpus, we conclude that the district court did not err when it determined that Gonzalez' action was frivolous and therefore denied his request to proceed in forma pauperis.

## CONCLUSION

For the reasons explained above, we conclude that the district court did not err when it determined that Gonzalez' action seeking a writ of habeas corpus was frivolous and denied Gonzalez' motion to proceed in forma pauperis. Accordingly, we affirm.

AFFIRMED.

CASSEL, J., not participating.