Nebraska Supreme Court Online Library
www.nebraska.gov/apps-courts-epub/
02/27/2024 09:07 AM CST

- 661 -

Nebraska Court of Appeals Advance Sheets
32 Nebraska Appellate Reports
McCROY v. NEBRASKA DEPT. OF CORR. SERVS.
Cite as 32 Neb. App. 661

Barry McCroy, appellant, v. Nebraska
Department of Correctional
Services, appellee.

___ N.W.2d ___

Filed February 20, 2024.    No. A-22-871.

1. **Habeas Corpus: Appeal and Error.** On appeal of a habeas corpus petition, an appellate court reviews the trial court's factual findings for clear error and its conclusions of law de novo.

2. **Rules of the Supreme Court: Appeal and Error.** Depending on the particulars of each case, failure to comply with the mandates of Neb. Ct. R. App. P. § 2-109(D) (rev. 2022) may result in an appellate court waiving the error, proceeding on a plain error review only, or declining to conduct any review at all.

3. **Appeal and Error.** Plain error may be found on appeal when an error unasserted or uncomplained of at trial is plainly evident from the record, affects a litigant's substantial right, and, if uncorrected, would result in damage to the integrity, reputation, and fairness of the judicial process.

4. **Habeas Corpus: Prisoners.** Challenges to the validity of a prisoner's confinement or to particulars affecting its duration are the province of habeas corpus.

5. **Habeas Corpus.** A writ of habeas corpus is a statutory remedy in Nebraska that is available to those persons falling within the criteria established by Neb. Rev. Stat. § 29-2801 (Cum. Supp. 2022), namely, those who are detained without having been convicted of a crime and committed for the same, those who are unlawfully deprived of their liberty, or those who are detained without any legal authority.

6. ____. The habeas corpus writ provides illegally detained prisoners with a mechanism for challenging the legality of a person's detention, imprisonment, or custodial deprivation of liberty.

Appeal from the District Court for Douglas County: Tressa M. Alioth, Judge. Reversed and remanded with directions.

- 662 -

Nebraska Court of Appeals Advance Sheets
32 Nebraska Appellate Reports
McCROY v. NEBRASKA DEPT. OF CORR. SERVS.
Cite as 32 Neb. App. 661

Barry McCroy, pro se.

Michael T. Hilgers, Attorney General, Scott R. Straus, and Gabrielle Baratta, Senior Certified Law Student, for appellee.

Riedmann, Arterburn, and Welch, Judges.

Welch, Judge.

## INTRODUCTION

Barry McCroy appeals the Douglas County District Court's dismissal of his petition for a writ of habeas corpus, contending that he was being confined by the Nebraska Department of Correctional Services (DCS) beyond the term of his sentence. For the reasons set forth herein, we reverse, and remand with directions.

## STATEMENT OF FACTS

The statement of facts is taken from the allegations contained in McCroy's petition for a writ of habeas corpus.

In 2004, McCroy received a sentence of 18 to 20 years' imprisonment for robbery, which sentence also carried a 10-year mandatory minimum due to McCroy's status as a habitual criminal (original sentence). McCroy's release/discharge date was determined to be June 24, 2018. Due to a miscalculation of McCroy's release date related to the mandatory minimum, DCS released McCroy on June 24, 2013, which was 5 years before his actual release date.

Following McCroy's erroneous release from imprisonment, he committed four new offenses between August 21 and October 16, 2013, and was rearrested and convicted. In April 2014, McCroy received a cumulative sentence of 8 to 18 years' imprisonment for the new convictions. McCroy finished serving the sentences for the new convictions on October 18, 2022. However, due to McCroy's erroneous early release for his original offense, DCS recalculated McCroy's release date to add 1,825 days (5 years) of "deadtime" related to his original sentence, making his new release date October 2027.

- 663 -

NEBRASKA COURT OF APPEALS ADVANCE SHEETS
32 NEBRASKA APPELLATE REPORTS
McCROY v. NEBRASKA DEPT. OF CORR. SERVS.
Cite as 32 Neb. App. 661

After DCS moved his release date to October 2027, McCroy filed a petition for writ of habeas corpus in the Douglas County District Court. McCroy's petition alleges the facts previously set forth and also contends that upon his reincarceration in April 2014 for the new offenses, his original sentence began to run concurrently with the sentences imposed on the new offenses. He claims that, in addition to completing the sentences for the new offenses, he has also completed serving the original sentence. He further contends, inter alia, that DCS' recalculation of his release date violated his right to due process, that it constituted an ex post facto law, that the determination of his "deadtime" was a void judgment, and that the modification of his release date by DCS was untimely.

The district court denied McCroy's petition for writ of habeas corpus, finding:

Having reviewed [McCroy's] Petition for Writ of Habeas Corpus in its entirety, the Court finds that even accepting the allegations in the Petition for Writ of Habeas Corpus as true and drawing all reasonable inferences in favor of [McCroy,] [McCroy] has nonetheless failed to allege sufficient facts that would entitle him to relief in a habeas proceeding. [McCroy's] allegations are not proper grounds for habeas relief. *See Sanders v. Frakes*, 295 Neb. 374, 379 (2016). [McCroy] has not alleged that the Court imposing the sentence lacked jurisdiction of the offense or the person of [McCroy] or that the sentence was outside the power of the Court to impose. Where the court has jurisdiction of the parties and the subject matter, its judgment is not subject to collateral attack; thus, a writ of habeas corpus will not lie to discharge a person from a sentence of penal servitude where the court imposing the sentence had jurisdiction of the offense and the person of the defendant, and the sentence was within the power of the court to impose. *Gonzalez v. Gage*, 290 Neb. 671, 861 N.W.2d 457 (2015). The Petition for Writ of Habeas Corpus

- 664 -

Nebraska Court of Appeals Advance Sheets
32 Nebraska Appellate Reports
McCROY v. NEBRASKA DEPT. OF CORR. SERVS.
Cite as 32 Neb. App. 661

simply does not contain information that shows that [McCroy] is entitled to relief.

McCroy timely appealed from the district court's order. The State filed a motion for summary affirmance. This court denied that motion and ordered the appeal to proceed.

## ASSIGNMENTS OF ERROR

McCroy has identified 12 assignments of error that we consolidate and restate into this global claim: The district court erred in dismissing his petition for writ of habeas corpus without a hearing because DCS had inaccurately calculated his release date, resulting in DCS' continuing illegal custody of him.

## STANDARD OF REVIEW

[1] On appeal of a habeas corpus petition, an appellate court reviews the trial court's factual findings for clear error and its conclusions of law de novo. *Schaeffer v. Gable*, 314 Neb. 524, 991 N.W.2d 661 (2023).

## ANALYSIS

[2] At the outset, we note that McCroy's brief failed to adhere to Neb. Ct. R. App. P. § 2-109 (rev. 2022) in multiple ways, including a failure to include an argument section. Depending on the particulars of each case, failure to comply with the mandates of § 2-109(D) may result in an appellate court waiving the error, proceeding on a plain error review only, or declining to conduct any review at all. *State v. Buol*, 314 Neb. 976, 994 N.W.2d 98 (2023). In this case, we examine the proceedings for plain error.

[3] Plain error may be found on appeal when an error unasserted or uncomplained of at trial is plainly evident from the record, affects a litigant's substantial right, and, if uncorrected, would result in damage to the integrity, reputation, and fairness of the judicial process. *State v. Guzman*, 305 Neb. 376, 940 N.W.2d 552 (2020).

Neb. Rev. Stat. § 29-2801 (Cum. Supp. 2022) provides:

- 665 -

Nebraska Court of Appeals Advance Sheets
32 Nebraska Appellate Reports
McCROY v. NEBRASKA DEPT. OF CORR. SERVS.
Cite as 32 Neb. App. 661

If any person, except persons convicted of some crime or offense for which they stand committed, or persons committed for treason or felony, the punishment whereof is capital, plainly and specially expressed in the warrant of commitment, now is or shall be confined in any jail of this state, or shall be unlawfully deprived of his or her liberty, and shall make application, either by him or herself or by any person on his or her behalf, to any one of the judges of the district court, or to any county judge, and does at the same time produce to such judge a copy of the commitment or cause of detention of such person, or if the person so imprisoned or detained is imprisoned or detained without any legal authority, upon making the same appear to such judge, by oath or affirmation, it shall be his duty forthwith to allow a writ of habeas corpus, which writ shall be issued forthwith by the clerk of the district court, or by the county judge, as the case may require, under the seal of the court whereof the person allowing such writ is a judge, directed to the proper officer, person or persons who detains such prisoner.

McCroy brought a petition for writ of habeas corpus, alleging that he was being wrongfully detained due to a miscalculation of his sentence. In short, although he acknowledges he was mistakenly released from prison on June 24, 2013, and committed four new offenses thereafter, he alleges, inter alia, that his sentences for the four new offenses should have run concurrently with the time he served on the original sentence once he was reincarcerated. As to that assertion, he claims that if the time served for the new offenses ran concurrently with the time he served for the original sentence for which he was reincarcerated, he should have been released in October 2022, rather than the currently calculated release date, in October 2027. The district court dismissed McCroy's petition on the basis that his petition failed to set forth sufficient facts that would entitle him to relief in a habeas proceeding.

- 666 -

Nebraska Court of Appeals Advance Sheets
32 Nebraska Appellate Reports
McCROY v. NEBRASKA DEPT. OF CORR. SERVS.
Cite as 32 Neb. App. 661

In doing so, the district court cited language contained in *Sanders v. Frakes*, 295 Neb. 374, 888 N.W.2d 514 (2016), and *Gonzalez v. Gage*, 290 Neb. 671, 861 N.W.2d 457 (2015). More specifically, the court found that McCroy's petition failed to state a claim because McCroy

> failed to allege sufficient facts that would entitle him to relief in a habeas proceeding, [so McCroy's] allegations are not proper grounds for habeas relief. *See Sanders v. Frakes*, 295 Neb. 374, 379 (2016). [McCroy] has not alleged that the Court imposing the sentence lacked jurisdiction of the offense or the person of the defendant or that the sentence was outside the power of the Court to impose. Where the court has jurisdiction of the parties and the subject matter, its judgment is not subject to collateral attack; thus, a writ of habeas corpus will not lie to discharge a person from a sentence of penal servitude where the court imposing the sentence had jurisdiction of the offense and the person of the defendant, and the sentence was within the power of the court to impose. *Gonzalez v. Gage*, 290 Neb. 671, 861 N.W.2d 457 (2015).

Although this is an accurate statement of the law, the district court's analysis does not include case law specifically approving habeas corpus as the proper procedure by which a prisoner may challenge his or her continued incarceration if success would result in discharge. See, e.g., *Williams v. Frakes*, 315 Neb. 379, 996 N.W.2d 498 (2023); *Schaeffer v. Gable*, 314 Neb. 524, 991 N.W.2d 661 (2023); *Caton v. State*, 291 Neb. 939, 869 N.W.2d 911 (2015) (superseded by statute on other grounds as stated in *Heist v. Nebraska Dept. of Corr. Servs.*, 312 Neb. 480, 979 N.W.2d 772 (2022)).

[4] In *Williams v. Frakes*, 315 Neb. at 387, 996 N.W.2d at 505, the Nebraska Supreme Court recently noted that "challenges to the validity of a prisoner's confinement or to particulars affecting its duration are the province of habeas

- 667 -

NEBRASKA COURT OF APPEALS ADVANCE SHEETS
32 NEBRASKA APPELLATE REPORTS
McCROY v. NEBRASKA DEPT. OF CORR. SERVS.
Cite as 32 Neb. App. 661

corpus." See *Muhammad v. Close*, 540 U.S. 749, 124 S. Ct. 1303, 158 L. Ed. 2d 32 (2004).

[5] In *Schaeffer v. Gable, supra*, the petitioner filed a petition for a writ of habeas corpus requesting absolute discharge and release from custody on the basis that, under relevant statutes, he had reached his mandatory discharge date. The district court denied the petition, in part, on the basis that the court lacked jurisdiction, and the petitioner appealed. The Nebraska Supreme Court found that the district court had jurisdiction to consider the petitioner's petition. In doing so, the Nebraska Supreme Court held "the allegations in his petition were properly brought in a petition for a writ of habeas corpus," while reiterating that a writ of habeas corpus is a statutory remedy in Nebraska that is available to those persons falling within the criteria established in § 29-2801— namely, those who are detained without having been convicted of a crime and committed for the same, those who are unlawfully deprived of their liberty, or those who are detained without legal authority. *Schaeffer v. Gable*, 314 Neb. at 534, 991 N.W.2d at 668.

[6] And in *Caton v. State, supra*, the defendant filed a petition for writ of habeas corpus, challenging DCS' continuing exercise of custody after the defendant was similarly discharged from custody and then taken back into custody after DCS realized the mandatory discharge date had been erroneously calculated. In analyzing the petition, the Nebraska Supreme Court acknowledged that "[t]he habeas corpus writ provides illegally detained prisoners with a mechanism for challenging the legality of a person's detention, imprisonment, or custodial deprivation of liberty." *Caton v. State*, 291 Neb. at 942, 869 N.W.2d at 914. Following that statement, the Supreme Court noted that "[t]he State agrees that habeas corpus was the proper procedure for [the defendant] to challenge [DCS'] exercise of custody." *Id*.

Following that same reasoning, we find that McCroy's petition for habeas corpus likewise challenges the legality

- 668 -

Nebraska Court of Appeals Advance Sheets
32 Nebraska Appellate Reports
McCROY v. NEBRASKA DEPT. OF CORR. SERVS.
Cite as 32 Neb. App. 661

of his continued detention under what he perceives to be an error in DCS' calculation of his required release date, which he argues predates his petition. And, although we express no opinion on the merits of McCroy's allegations, we find that a petition for writ of habeas corpus was the proper procedure for challenging DCS' continued exercise of custody and that the district court plainly erred in dismissing it on the face of the pleadings.

## CONCLUSION

Having found that a writ of habeas corpus is the correct procedure for McCroy to challenge DCS' calculation of his release date, we reverse, and remand with directions for the district court to consider McCroy's petition on its merits.

Reversed and remanded with directions.